UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-22263-CV-MOORE
(17-20584-CR-MOORE)
MAGISTRATE JUDGE REID

KEITH DAVIS,

     Movant

v.

UNITED STATES OF AMERICA,

     Respondent

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Movant Keith Davis's *pro se* Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. [ECF 1]. This cause has been referred to the Undersigned for Report and Recommendation on any dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF 2].

Movant, **Keith Davis**, is a prisoner currently incarcerated in Coleman Federal Correctional Institution and serving a sentence of 147 months' imprisonment following his guilty plea to two counts of Hobbs Act robbery and one count of Brandishing a Firearm in Furtherance of a Crime of Violence in **Case No. 17-20584-**

**CR-MOORE**, brought in the United States District Court for the Southern District of Florida.

On May 29, 2019, Movant filed the instant Motion to Vacate, challenging the constitutionality of his conviction and claiming, to wit, that he received ineffective assistance of counsel and that the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague, voiding his conviction. [ECF 1].

After screening the Motion to Vacate, the Undersigned entered an Order to Show Cause and Ordered the Respondent to file a response to Movant's Motion. [ECF 6]. On July 30, 2019, Respondent filed its Response. [ECF 9]. Movant filed a late Reply on August 19, 2019; however, the Undersigned will still consider it. *See* S.D. Fla. L.R. 7.1(c). *See also* Rules Governing Section 2255 Cases, R. 5(d).

After careful consideration, and as further discussed below, the Undersigned **RECOMMENDS** that the Motion to Vacate [ECF 1] be **DENIED**. The Undersigned recommends denial because Movant's § 924(c) conviction stemming from his brandishing of a firearm during a Hobbs Act robbery does not implicate the now unconstitutionally vague residual clause, and because his counsel was not ineffective.

## II.    Factual and Procedural History

On August 17, 2017, a federal grand jury in the Southern District of Florida returned a five-count Indictment against Movant, charging him with two counts of

Hobbs Act Robbery (Counts 1 and 3), in violation of 18 U.S.C. § 1951(a), Brandishing a Firearm in Furtherance of a Crime of Violence (Count 2), in violation of 18 U.S.C. § 924(c)(1)(A)(ii), Possession of a Firearm in Furtherance of a Crime of Violence (Count 4), in violation of 18 U.S.C. § 924(c)(1)(A)(i), and Possession of a Firearm and Ammunition by a Convicted Felon (Count 5), in violation of 18 U.S.C. § 922(g)(1). [CR-ECF 1, CV-ECF 9-2]. The maximum term of incarceration Movant potentially faced for Counts 1 and 3 was 20 years; for Counts 3 and 4, life imprisonment; and for Count 5, 10 years. [*Id.* at p. 6].

On March 6, 2018, Movant pleaded guilty to Counts 1, 2, and 3 of the Indictment and Counts 4 and 5 were to be dismissed by the Government in exchange. [CR-ECF 31, CV-ECF 9-3]. As part of his guilty plea, Movant executed a Factual Proffer and Written Plea Agreement. [CR-ECF 32, CV-ECF 9-4].

In the Plea Agreement, Movant agreed to plead guilty to Counts 1, 2, and 3, to cooperate with the Government, and to waive his right to appeal (except in a limited number of circumstances not relevant here). [*Id.*]. In exchange, the Government agreed to dismiss Counts 4 and 5 of the Indictment and to jointly recommend that Movant be sentenced to 15 years' imprisonment (however it noted that the Government would not file a motion to reduce his sentence based on his cooperation). [*Id.*].

Upon receipt of the Factual Proffer and Plea Agreement, the Court conducted a Change of Plea Hearing. [CR-ECF 57, CV-ECF 9-5]. At the hearing, the Court placed Movant under oath and asked him a series of questions about his plea. [*Id*. at pp. 2:21-3:7]. At Movant's change of plea hearing, Movant acknowledged that he understood and agreed with the contents of the Plea Agreement, including specifically its waiver of appeal rights, which was discussed multiple times and at great length. [*Id.* at pp. 11-18, 30-31]. The Court also discussed each count that Movant was pleading guilty to and discussed the specific elements of each crime, and Movant acknowledged that he understood. [*Id*. at pp. 18-22].

Then, at the sentencing hearing, Movant made the Court aware of his prior drug and alcohol issues, accepted responsibility for his crimes, and apologized for his actions. [CV-ECF 9-6 pp. 5-8]. His lawyer, though limited by the plea agreement, which precluded him from arguing for a reduction, still spoke on behalf of Movant and raised mitigating evidence on Movant's behalf. [*Id*. at pp. 8-14].

As a result, Movant received a 147-month term of imprisonment, instead of the 180 that Movant and the Government jointly agreed to recommend. At sentencing, Movant and his counsel did not object to the sentence, and no direct appeal was filed. On May 29, 2019, this Motion to Vacate followed.

### III.    Legal Standards

A.    <u>Standard of Review of Section 2255 Motions</u>

4

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982).

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). *See also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations and quotations omitted). The "miscarriage of justice" exception requires a showing that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Before determining if a claim is cognizable, first, a district court must find that a defendant asserted all available claims on direct appeal. *See Lynn*, 365 F.3d at 1232 (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). Second, a district court must consider whether the type of relief the movant seeks is appropriate under § 2255. *Id.* at 1232-33 (citations omitted).

If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). To obtain this relief on collateral review, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166.

Under § 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). *See also Allen v. Fla. Dep't of Corr.*, 611 F.3d 740, 745 (11th Cir. 2010) (quoting *Schriro, supra*.).

B.    Ineffective Assistance of Counsel Principles

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defense." U.S. Const. amend. VI. To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate both (1) that counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). If a movant cannot meet one of these prongs, a court does not need to address the other prong. *See id.* at 697. *See also Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013) (citations omitted).

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted). Regarding the prejudice requirement, the movant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694.

For the court to focus merely on outcome determination, however, is insufficient. "To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993). *See also Allen*, 611 F.3d at 754. A defendant, therefore, must establish "that

7

counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

The test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *See Dingle v. Sec'y for the Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Id.* (*quoting Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). For perspective, the Sixth Circuit has framed the question as not whether counsel was inadequate, but rather counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

In addition, a § 2255 movant must provide factual support for his contentions regarding counsel's performance. *See Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012).

Finally, when counsel decides not to raise a meritless claim, it is not ineffective assistance, *see United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992), "[a]nd a petitioner would also not be prejudiced by his counsel's failure to do so." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1262 (11th Cir. 2014).

## IV.   Discussion

The Motion to Vacate contains four claims, three regarding the effectiveness of his trial counsel, and a mixed claim regarding the constitutionality of 18 U.S.C. § 924(c). For purposes of this discussion, Movant's claims are summarized below:

1. Movant received ineffective assistance of counsel because his lawyer allegedly did not advise him of his appeal options, causing him to lose his opportunity to appeal;

2. Movant received ineffective assistance of counsel because his lawyer allegedly never informed him of the "true nature of the 924(c) elements," and he would not have pleaded guilty if had known a "conduct-based approach" applied;

3. Movant received ineffective assistance of counsel because his lawyer allegedly failed to investigate and present substantial mitigating evidence at his sentencing; and

4. Movant's conviction under 18 U.S.C. § 924(c) is unconstitutional because the "risk-of-force clause is unconstitutionally vague."

Because a large portion of Movant's claims hinge upon 18 U.S.C. § 924(c) being unconstitutional as applied to him, the Undersigned will first review Movant's

9

second and fourth claims regarding § 924(c)'s constitutionality and his lawyer's advice regarding § 924(c).

A.    Claims 2 and 4: 18 U.S.C. § 924(c) and Movant's Lawyer's Advice

Movant argues in his fourth claim that he was convicted of a "non-existent crime" because § 924(c) is unconstitutionally vague, and thus, void. Movant argues this makes him "actually innocent." This coincides with his arguments in claim two, namely that Movant alleges that he would not have pleaded guilty to the § 924(c) charges but for the court and counsel misinforming him of the true nature of the § 924(c) elements. After thorough review, Movant's arguments are meritless and should be denied.

As an introductory matter, 18 U.S.C. § 924(c) provides for separate additional consequences if a person uses or carries a firearm during and in relation to a crime of violence or possesses a firearm in furtherance of such crimes. *See* 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" is later defined in two subparts, § 924(c)(3)(A), colloquially known as the "elements clause," and § 924(c)(3)(B), the "residual clause."

On June 24, 2019, the Supreme Court of the United States held that the residual clause, § 924(c)(3)(B), was unconstitutionally vague. *See United States v. Davis*, 588 U.S. ___, ___, 139 S. Ct. 2319, 2336 (2019). However, *Davis* left intact the § 924(c)(3)(A) "elements clause." *See id.*

10

Here, Movant pleaded guilty to Hobbs Act Robbery and Brandishing a Firearm in Furtherance of a Crime of Violence. "Hobbs Act robbery … qualifies as a crime of violence under [the elements clause,] § 924(c)(3)(A)." *United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1394 (2019). Thus, *Davis* does not apply to Movant's conviction, because Movant pleaded guilty to Hobbs Act Robbery, which qualifies as a crime of violence pursuant to the elements clause, 18 U.S.C. § 924(c)(3)(A), as opposed to the now unconstitutionally vague residual clause, § 924(c)(3)(B). *See id*. *See also In re St. Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016) ("using, carrying, and discharging a firearm during the Hobbs Act robbery … meets the use-of-force clause of the definition of a crime of violence under § 924(c)(3)(A).").

When pleading guilty to Count 2, the § 924(c)(1)(A)(ii) "brandishing" violation, Movant admitted in his Factual Proffer that he "flashed part of a firearm from his waistband area" while committing the July 10, 2017 Hobbs Act robbery to which he also pleaded guilty to in Count 1. [CR-ECF 31, CV-ECF 9-1 p. 1]. "[T]he term 'brandish' means, with respect to a firearm, to display all or part of the firearm, … in order to intimidate that person." 18 U.S.C. § 924(c)(4).

Thus, Movant "brandished" a firearm during the underlying crime of violence. Movant was not convicted of a "non-existent crime" and Movant is not "actually innocent." Movant cannot rely on a false legal premise such as this to attack the

voluntariness of his plea or to fault his lawyer or the court for allegedly misadvising him. *See Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994).

In conclusion, Movant's claim that his § 924(c)(1)(A)(ii) conviction was unconstitutional and that he would not have pleaded guilty to it but for the "misinformation" from his lawyer and the court is unfounded, namely because he admittedly brandished a firearm while committing a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), and thus is not "actually innocent." Movant cannot establish any prejudice from the advice he received. *See Strickland*, 466 U.S. at 694. The advice he received was correct, and his argument to the contrary is misinformed. Movant's challenges in claims 2 and 4 should be denied.

B.   Claim 1: Ineffective Assistance of Counsel Regarding Appellate Options

In his first claim, Movant argues that he received ineffective assistance of counsel because his lawyer never advised him of his options regarding appeal, causing him to lose his opportunity for appellate review and for the assistance of appellate counsel. Even assuming it is true that Movant's lawyer never advised him regarding his appeal options, Movant's claim still fails.

"In order to prevail on his claim that counsel was constitutionally ineffective for failing to file an appeal, [a movant] must show that counsel's performance was deficient and that this deficiency prejudiced him." *Thompson v. United States*, 504

12

F.3d 1203, 1206 (11th Cir. 2007) (first citing *Strickland*, 466 U.S. at 687, then citing

*Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000)).

A movant can meet this requirement in two ways. First, he can show that counsel disregarded a specific instruction to file a notice of appeal. *See Flores-Ortega*, 528 U.S. at 477. Counsel's performance in these circumstances is *per se* deficient because "the decision to appeal rests with the defendant." *Id*. at 479. Prejudice is presumed when counsel's deficient performance deprives a defendant of an appeal that he otherwise would have taken. *See Garza v. Idaho*, 586 U.S. ___, ___, 139 S. Ct. 738, 744 (2019).

Movant's case does not fall into this first category because Movant never "specifically instructed" his lawyer to file an appeal. *See Flores-Ortega*, 528 U.S. at 477 (requiring "specific instructions from the defendant to file a notice of appeal" to meet the first category). *See also Devine v. United States*, 520 F.3d 1286, 1288 (11th Cir. 2008). Movant simply told his lawyer that "he was not happy with where the sentence ended up and that he wanted to know what could be done about it." This is not enough.

The second way a movant can meet the requirement of showing ineffective counsel is by showing that counsel failed to adequately consult with him about an appeal and that, had he received reasonable advice from counsel about an appeal, he would have instructed his counsel to appeal. *See Flores-Ortega*, 528 U.S. at 478,

484, 486. *See also Thompson*, 504 F.3d at 1206. To prove deficient performance under this route, the movant must show that counsel had a "constitutionally imposed duty to consult." *Flores-Ortega*, 528 U.S. at 480.

Counsel has a duty to consult when (1) a rational defendant would want to appeal; or (2) the defendant reasonably demonstrated an interest in appealing. *See Thompson*, 504 F.3d at 1207. In making this determination, courts must consider all the information counsel knew or should have known. *See Flores-Ortega*, 528 U.S. at 480. Factors relevant to these inquiries include (1) whether the conviction followed a guilty plea, (2) whether the defendant received the sentence he bargained for, (3) whether the plea agreement expressly waived some or all appeal rights, and (4) whether there were any potential non-frivolous grounds for appeal. *See id. See also Otero v. United States*, 499 F.3d 1267, 1270-71 (11th Cir. 2007).

In Movant's case, every factor discussed in *Flores-Ortega* weighs against him. In looking to the first factor, the Supreme Court held that "[a]lthough not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks to end judicial proceedings." *Flores-Ortega*, 528 U.S. at 480. In Movant's case, he pleaded guilty, which is highly relevant to whether his lawyer had a duty to advise him of his appellate opportunities.

14

However, "[e]ven in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id*. In Movant's case, he certainly received the benefit of his bargain because Counts 4 and 5 of the Indictment were dismissed by the Government, and Movant received a sentence that was thirty-three months less than what he jointly agreed with the Government to recommend to the Court at sentencing.

Further, Movant waived his right to appeal in his Plea Agreement. [CR-ECF 32, CV-ECF 9-4, pp. 6-7, ¶ 13]. In the Plea Agreement, Movant stated that "in exchange for the undertakings made by the United States in this plea agreement, Defendant hereby waives all rights conferred by [18 U.S.C. §] 3742 and [28 U.S.C. §] 1291 to appeal any sentence imposed, … unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing that exceeds the recommended sentence" of 15 years' imprisonment. [*Id*.].

At Movant's change of plea hearing, Movant acknowledged that he understood and agreed with the contents of the Plea Agreement, including specifically the waiver of appeal rights, which was discussed multiple times and at great length. [*See* CV-ECF 9-5, pp. 11-18, 30-31]. The Court also discussed each

15

count that Movant was pleading guilty to and discussed the specific elements of each crime, and Movant acknowledged that he understood. [*Id.* at pp. 18-22].

While counsel will have a duty to consult "in the vast majority of cases," *Flores-Ortega*, 528 U.S. at 481, this case is not one, and no rational defendant would have sought an appeal under this set of facts. *See Thompson*, 504 F.3d at 1207. Movant knowingly and voluntarily pleaded guilty with the advice of counsel, and in exchange had two counts from his Indictment dismissed.[1] At sentencing, Movant received a significantly lower term of imprisonment than the parties had agreed to seek in the Plea Agreement. Movant also waived his right to appeal, except if the ultimate sentence exceeded the statutory maximum (or if the result of a variance or other departure exceeded 15 years), which did not happen.

No rational defendant would have sought an appeal in this case. There was no basis to appeal, and no conceivable benefit that could potentially be gained. Accordingly, the Undersigned recommends Movant's first claim be denied.

C.    Claim 3: Ineffective Assistance of Counsel at Sentencing

Finally, in Movant's third claim, he alleges that his counsel was ineffective because he failed to investigate and present mitigation evidence at sentencing,

---

[1] In fact, Movant was facing a consecutive 25-year mandatory minimum sentence for Count 4, which the Government agreed to drop as part of the Plea Agreement. [*See* CV-ECF 9-6, p. 11].

16

resulting in a sentence that was higher than needed. Movant's claim is belied by the record, and thus, fails.

First, under the terms of the Plea Agreement, Movant's counsel was precluded from making further argument with respect to any type of reduction at sentencing. Even so, Movant's counsel still made such an argument. [*See* CV-ECF 9-6, pp. 8-9]. Thus, there is no factual basis to Movant's claim that his counsel failed to make such an argument, and Movant cannot demonstrate the cause prong of the *Strickland* analysis.

Second, while we need not address the prejudice analysis of *Strickland's* second prong, *see Brown*, 720 F.3d at 1326, Movant's claim still fails because he cannot demonstrate such prejudice. Movant received a significantly lower sentence than what he jointly agreed to ask for in his Plea Agreement. Movant and the Government agreed to recommend a sentence with a 180-month term of imprisonment. Likely due to counsel's performance at sentencing, Movant received a 147-month term of imprisonment. Movant can demonstrate neither cause, nor prejudice, for his lawyer's performance at sentencing. *See Strickland*, 466 U.S. at 687-92. Thus, this claim should be denied.

## V.    Recommendations

Based on the above, it is **RECOMMENDED** that Movant's Motion to Vacate [ECF 1] be **DENIED**.

Objections to this Report and Recommendation may be filed with the District Court Judge within fourteen days of receipt of a copy of such. Failure to do so will bar a *de novo* determination by the District Court Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C). *See also Booth v. Allen*, 758 F. App'x 899, 900-01 (*per curiam*) (citing *Thomas v. Arn,* 474 U.S. 140, 149 (1985)).

**SIGNED** this 19th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    **Keith Davis**
       16553-104
       Coleman Low
       Federal Correctional Institution
       Inmate Mail/Parcels
       Post Office Box 1031
       Coleman, FL 33521
       *PRO SE*

       **Noticing 2255 US Attorney**
       Email: usafls-2255@usdoj.gov

       **David Samuel Turken**
       United States Attorney's Office
       99 N.E. 4th Street
       Miami, FL 33132
       Email: david.turken@usdoj.gov