UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-22263-KMM

KEITH DAVIS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon *pro se* Movant Keith Davis' ("Movant") Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. ("Mot.") (ECF No. 1). The Court referred the matter to the Honorable Lisette M. Reid, United States Magistrate Judge. The Government responded to the Motion. ("Resp.") (ECF No. 9). Movant filed a reply. ("Reply") (ECF No. 10). Thereafter, Magistrate Judge Reid issued a Report and Recommendation recommending that the Motion be DENIED. ("R&R") (ECF No. 11). Movant filed objections. ("Objs.") (ECF No. 14). The matter is now ripe for review. As set forth below, the Court ADOPTS IN PART the R&R.[1]

---

[1] The Court adopts in part Magistrate Judge Reid's R&R with the following alterations: on page one, line four, the sentence should be followed by a citation to "[*Id.* at 2]."; on page three, line six, a sentence should be inserted between the two current sentences that reads "The District Court denied the motion on August 27, 2008. [Paperless Order Adopting Report and Recommendation, *Matthews*, No. 08-cv-14030-KMM (S.D. Fla. Aug. 27, 2008), ECF No. 18.]"; on page five, line one, the sentence should read, in part, "as afforded to *pro se* litigants"; page five, line two should read, in part, "pursuant to *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972),"; on page six, line six, the citation should read "28 U.S.C. § 2255(a)."; on page seven, line ten, the citation should read "*Strouse v. Warden, USP Coleman II*, 777 F. App'x 468, 469 (11th Cir. 2019)"; on page nine, line nineteen, the citation should read "*Farris*, 333 F.3d at 1216 (citation omitted)."; on page twelve, line three, the citation should read, in part, "*Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)".

**I.     BACKGROUND**

On August 17, 2017, Movant was indicted on two counts of committing a Hobbs Act Robbery in violation 18 U.S.C. § 1915(a) ("Counts 1 and 2"), one count of brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(a)(ii) ("Count 3"), one count of possession of a firearm in furtherance of a crime of violence in violation of § 924(c)(1)(A)(i) ("Count 4"), and one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("Count 5"). (CR-ECF No. 1).[2]  Movant faced a maximum term of incarceration of 20 years for Counts 1 and 2, life imprisonment for Counts 3 and 4, and 10 years for Count 5.

On March 6, 2018, Movant pleaded guilty to Counts 1, 2, and 3. (CR-ECF No. 31).  As part of the plea agreement, Movant executed a factual proffer and written plea agreement. (ECF No. 9-4); (CR-ECF No. 32).  In exchange for pleading guilty, the Government agreed to dismiss Counts 4 and 5 and to jointly recommend with Movant that he be sentenced to a total of 15 years' imprisonment.  (ECF No. 9-4).  On March 6, 2018, the Court sentenced Movant to a total of one hundred and forty-seven (147) months' imprisonment, thirty-three (33) months less than the term of imprisonment that Movant and the Government jointly recommended. (CR-ECF No. 49). Movant did not file a direct appeal of his conviction.  Mot. at 3.

In the Motion, Movant argues that (1) his § 924(c) conviction is unconstitutional, and (2) he received ineffective assistance of counsel.  *See generally* Mot.  As to his claim this his conviction under §924(c) is unconstitutional, Movant argues that (1) under a categorical approach, § 924(c)'s risk of force clause is unconstitutional, and (2) under a conduct-based approach, his

---

[2] References to Movant's criminal case *United States v. Davis*, No. 17-cr-20584-KMM shall be notated as "CR-ECF No. __."

guilty plea is invalid because he did not commit a crime of violence as he did not use a gun while committing the robberies. Mot. at 5, 8, 14, 16–17. Additionally, Movant argues that he received ineffective assistance of counsel because his counsel (1) did not advise him of the true nature of § 924(c)'s elements, (2) did not advise him of his about his right to appeal, and (3) did not present mitigating evidence at his sentencing. *Id.* at 4–6, 13–15.

## II.   LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

## III.   DISCUSSION

As set forth in the R&R, Magistrate Judge Reid recommends that the Court deny the Motion. R&R at 11. Magistrate Judge Reid finds that (1) Movant's second and fourth claims, relating to his § 924(c)(1)(A)(ii) conviction, are unfounded; (2) Movant's third claim of ineffective counsel at sentencing is "belied by the record" and fails; and (3) Movant's first claim of ineffective assistance of counsel pertaining to Movant's appellate options similarly fails. *Id.* at 10–17. In his Objections, Movant argues generally that (1) Magistrate Judge Reid erred by not accepting Movant's allegations as true, (2) prejudice should be presumed if Movant's counsel performed

3

deficiently, (3) he has "valid appellate issues" in regard to his § 924(c) conviction.[3]  *See generally* Objs.  The Court takes each of Magistrate Judge Reid's findings, and Movant's corresponding objections, in turn.

### A.  Application Of § 924(c)(3)(A) Was Not Unconstitutional

First, Magistrate Judge Reid finds Movant's argument regarding the constitutionality of § 924(c) meritless because the Eleventh Circuit has held that a violation of the Hobbs Act categorically qualifies as a crime of violence under § 924(c)(3)(A).  In his Objections, Movant argues that a categorical approach is unconstitutional as applied to him because he did not use a gun in committing the predicate offenses and, thus, he did not commit a crime of violence.  Objs. at 3.

Section 924(c)(3) has two independent clauses, each of which provides a different avenue through which a crime can constitute a "crime of violence," and thus trigger a mandatory minimum sentence: (1) the "elements clause," which defines a qualifying crime of violence as one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," § 924(c)(3)(A), and (2) the "residual clause," which identifies as a qualifying offense one "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," § 924(c)(3)(B).

Movant's argument is meritless because, as Magistrate Judge Reid finds, the Eleventh Circuit has held that a conviction for Hobbs Act robbery *categorically* qualifies as a crime of

---

[3] Additionally, Movant argues that the evidence contradicts the assertion that he used a gun during the robbery because the gun that was recovered was gray and the gun he allegedly used during the robbery was black.  Objs. at 3.  However, Movant's argument is unavailing because he waived any challenges to the sufficiency of the evidence by pleading guilty.  *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Franklin v. United States*, 589 F.2d 192, 194–95 (5th Cir. 1979).  Therefore, Movant's argument that his § 924(c) conviction is void is contradicted by the record and patently frivolous.  Accordingly, Movant is not entitled to relief on this claim.

violence under the elements clause, because an element of a Hobbs Act offense is the use, attempted use, or threatened use of force against the person or property of another. *In re Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016). It appears that Movant is arguing that the Supreme Court's decision in *Davis v. United States*, wherein the Supreme Court ruled that the *residual* clause is unconstitutionally vague, similarly invalidates applying a categorical approach under the *elements* clause. However, the Eleventh Circuit has held that the Supreme Court's decision in *Davis* did not disturb Eleventh Circuit precedent establishing that a Hobbs Act conviction categorically qualifies as a crime of violence under § 924(c)'s elements clause. *United States v. Buckner*, 808 F App'x 755, 762 (11th Cir. 2020). Therefore, Movant's argument that the categorical approach to § 924(c)'s elements clause is unconstitutional is unfounded.

In Movant's Supplemental Authority, he cites to the Eleventh Circuit's recent decision in *United States v. Eason*, 953 F.3d 1184 (11th Cir. 2020) to support his argument that a Hobbs Act robbery does not categorically qualify as a crime of violence under § 924(c)'s elements clause. (ECF No. 19). In *Eason*, the Eleventh Circuit held that the Hobbs Act does not categorically satisfy the elements clause of the sentencing enhancement provision of U.S.S.G. § 4B1.2(a)(1). 953 F.3d at 1189–93. However, in *Eason*, the Eleventh Circuit explicitly stated that its holding did not extend or apply to § 924(c)'s elements clause. *Id.* at 1191. Specifically, the Eleventh Circuit noted that a violation of the Hobbs Act robbery is broader than § 4B1.2(a)(1)'s definition of a crime of violence because a Hobbs Act offense includes threats to property whereas § 4B1.2(a)(1) only provides for enhanced sentences for threats against "the person of another." *Id*. Unlike § 4B1.2(a)(1), § 924(c) defines a crime of violence as the threat of force against the person or *property* of another. § 924(c)(3)(A). Therefore, the Eleventh Circuit's decision in *Eason* does not

5

support Movant's argument that a Hobbs Act robbery does not categorically qualify as a crime of violence.

### B. Movant's Guilty Plea Was Made Knowingly

Additionally, Movant argues that his guilty plea was not made knowingly because the Court and his counsel did not properly inform him about the true nature of the elements of § 924(c). Mot. at 5, 16. Specifically, Movant argues that he would not have pled guilty had he known that a conduct-based approach applies to 924(c)'s definition of a crime of violence because he did not use a gun and, thus, did not actually commit a crime of violence. Mot. at 5, 16. Magistrate Judge Reid finds that Movant's second claim is meritless because Movant "was not convicted of a 'non-existent crime' and [] is not 'actually innocent'" as he argues. R&R at 11.

As an initial matter, Movant is incorrect that a conduct-based approach applies to § 924(c)(3)(A)'s definition of a crime of violence. *See In re Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016). Moreover, Movant admitted in his factual proffer that he "flashed part of a firearm from his waistband area" when committing the July 10, 2017 Hobbs Act robbery, to which he pleaded guilty to in Count 1. (ECF No. 33-1) at 1. "There is a strong presumption that statements made during the plea colloquy are true," and Movant "bears a heavy burden to show that his statements under oath were false." *Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007) (citations omitted). During the change of plea hearing, the Court placed Movant under oath and asked him a series of questions, discussed each count and discussed the specific elements of each crime, which Movant acknowledged that he understood. (CR-ECF No. 57) at 18–22. Therefore, Movant was advised on the nature of the elements of § 924(c).

Further, Movant's argument is fundamentally flawed because he disregards that, notwithstanding § 924(c)'s definition of a crime of violence, an essential element of § 924(c) is the brandishing of a firearm. Therefore, in light of the Court's advisement of the elements of

6

§ 924(c), Movant is presumed to have been aware at the time that he pled guilty that the brandishing of a gun was an essential element of § 924(c), notwithstanding the definition of a crime of violence, and Movant has not met the heavy burden required to rebut that presumption.

      **C.**      **Movant Is Entitled to A Hearing as to Whether He Received Ineffective Assistance of Counsel**

Similarly, Magistrate Judge Reid finds that Movant's claim that he received ineffective assistance of counsel is meritless. Specifically, Magistrate Judge Reid finds that (1) counsel was not ineffective for failing to raise the argument that his § 924(c) conviction was unconstitutional, (2) counsel did not fail to raise mitigating evidence at his sentencing, and (3) counsel did not wrongfully fail to inform Movant of his right to appeal. R&R at 12–17.

As to the argument that counsel failed to advise Movant of the true nature of § 924(c)'s elements, Magistrate Judge Reid finds no merit. R&R at 12. Specifically, Magistrate Judge Reid finds that Movant is unable to show prejudice because the advice he alleges he did not receive is legally incorrect. *Id.* In particular, Movant alleges that his counsel never instructed him that "in order to sustain a § 924(c) conviction, the government must show actual violence." Mot. at 5. In his Objections, Movant does not specifically contest Magistrate Judge Reid's findings as to this claim. *See generally* Objs. Counsel is not ineffective in failing to raise an argument or providing advice that has no legal basis. *Freeman v. Att'y Gen., State of Fla.*, 536 F.3d 1225, 1233 (11th Cir. 2008). Here, the Government did not have to show actual violence because a Hobbs Act conviction categorically qualifies as a crime of violence under § 924(c)'s elements clause. *United States v. Buckner*, 808 F App'x 755, 762 (11th Cir. 2020). Further, as noted above, Movant admitted that he "flashed part of a firearm from his waistband area" when committing the Hobbs Act robbery. (ECF No. 33-1) at 1. Accordingly, the Court agrees that Movant is not entitled to relief on his ineffective assistance claim relating to his § 924(c) conviction.

Next, Magistrate Judge Reid finds that Movant's attorney's failure to raise mitigating evidence at his sentencing did not constitute ineffective assistance of counsel. R&R at 16–17. Magistrate Judge Reid finds that Movant's claim is affirmatively contradicted by the record because (1) his counsel did raise mitigating evidence at his sentencing, (2) Movant's plea agreement barred his counsel from raising mitigating evidence at sentencing, and (3) Movant cannot show prejudice because his sentence was lower than what he and the Government jointly recommended. *Id.* In his Objections, Movant does not object to this finding. *See generally* Objs. The Court agrees with Magistrate Judge Reid's finding that the record affirmatively contradicts this claim.

Finally, Magistrate Judge Reid finds that Movant did not receive ineffective assistance of counsel for counsel's failure to consult with him about his right to appeal. R&R at 12–16. In his Motion, Movant alleges that at the end of his sentencing hearing, he told his attorney he was not happy with the results of the hearing and wanted to know what could be done about it. Mot. at 4, 13. Additionally, Movant alleges that he attempted to contact his counsel but did not hear from his counsel after the sentencing hearing. *Id*.

A criminal defendant can receive ineffective assistance of counsel for a failure to file an appeal in two circumstances: (1) if his counsel disregarded a specific instruction to file a notice of appeal, or (2) if his counsel failed to adequately consult with him about an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477–78 (2000). The first circumstance, a failure to file a notice appeal when a defendant gives a specific instruction to do so, is *per se* deficient performance and prejudice is presumed because it deprives a defendant of an appeal that he would have otherwise taken. *Id*. at 483 ("[A] defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic

decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.").

Nevertheless, even if a defendant does not specifically instruct his counsel to appeal, a failure to consult with the defendant on his right to appeal may, depending on the particular circumstances, constitute ineffective assistance of counsel. *Id.* "A criminal defense lawyer is not under a *per se* constitutional obligation to consult with his or her client about an appeal." *Otero v. United States*, 499 F.3d 1267, 1270 (11th Cir 2007). Thus, the movant must first show that the counsel had a "constitutionally imposed duty to consult." *Flores-Ortega*, 528 U.S. at 480–81. Counsel has a constitutionally imposed duty to consult when either (1) a rational defendant would want to appeal, or (2) the particular defendant reasonably demonstrated an interest in appealing. *Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007) (citations omitted). "While there is no 'bright line rule' that counsel must always consult with a defendant regarding an appeal, the Supreme Court has recognized that counsel will have a duty to consult 'in the vast majority of cases.'" *Rios v. United States*, 783 F. App'x 886, 891 (11th Cir. 2019).

In making this determination, courts must take into account all the information counsel knew or should have known. *Flores-Ortego*, 528 U.S. at 480. Factors relevant to these inquiries include whether the conviction followed a guilty plea, whether the defendant received the sentence he bargained for, whether the plea agreement expressly waived some or all appeal rights, and whether there were any potential non-frivolous grounds for appeal. *Otero*, 499 F.3d at 1270–71. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. *Flores-Ortego*, 528 U.S. at 480.

Moreover, even if a defendant shows that his counsel failed to properly advise him about his right to appeal, the defendant must still establish prejudice. *See Thompson*, 504 F.3d at 1208. Usually, a claim of ineffective assistance of counsel involves a claim of attorney error "during the course of a legal proceeding"—for example, that counsel failed to raise an objection at trial or to present an argument on appeal. *Flores–Ortega*, 528 U.S. at 481. Such a claim calls the reliability of the judicial proceedings into question. *Id.* at 481–82 ("Absent some effect of challenged conduct on the reliability of the . . . process, the [effective counsel] guarantee is generally not implicated.") (citations omitted). Accordingly, the inquiry for such claims is whether the legal proceeding may have resulted in a different outcome had defendant not received ineffective assistance of counsel. *Id.* (citations omitted).

Here, however, Movant does not allege that his counsel's performance was deficient over the course of the legal proceeding. *See generally* Mot. Rather, he contends that his counsel's deficient performance resulted in the forfeiture of a judicial proceeding to which he had a right. *Id.* If these allegations are true, his "counsel's deficient performance has deprived [Movant] of more than a fair judicial proceeding; that deficiency deprived respondent of the appellate proceeding altogether." *Id.* at 483 (citations omitted). The Supreme Court has held that prejudice is presumed where counsel's deficient performance has deprived a criminal defendant of a judicial proceeding that he otherwise would have pursued. *Id.* (citations omitted). Thus, the relevant inquiry is not whether an appeal would have resulted in a different outcome, but whether the defendant demonstrated a reasonable possibility that, but for counsel's errors, he would have pursued the legal proceeding to which he had a right. *Id.*

The same evidence considered in evaluating performance will often be relevant in determining whether a defendant has demonstrated a reasonable possibility that he would have

10

pursued the forfeited legal proceeding. *Flores-Ortega*, 528 U.S. at 485. The Supreme Court has opined that "showing nonfrivolous grounds for appeal may give weight to the contention that the defendant would have appealed, [however] a defendant's inability to 'specify the points he would raise were his right to appeal reinstated,' will not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed." *Id.* at 486 (internal citation omitted); *see also Ashcraft v. Sec'y Dep't of Corrs.*, 340 F. App'x 600, 602 (11th Cir. 2009) ("[A] *pro se* defendant is not required to show that his appeal has any arguably meritorious grounds for appeal; all that is required is for the 'defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.'") (citation omitted). Likewise, evidence that a defendant demonstrated an interest in appealing, without more, "is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal." *Id*.

As set forth in the R&R, Magistrate Judge Reid finds that Movant's argument that his counsel's failure to advise him of his right to appeal does not constitute ineffective assistance of counsel. R&R at 12–16. Specifically, Magistrate Judge Reid finds that (1) Movant did not specifically instruct his counsel to file a notice of appeal, and (2) no rational defendant would want to appeal. *Id*. First, Magistrate Judge Reid finds that Movant does not allege that his counsel disregarded a specific instruction to file a notice of appeal. R&R at 13. In his Objections, Movant argues that his counsel's abandonment falls within the first category of *Flores-Ortega* in which counsel disregards a specific instruction to file a notice of appeal, and thus, is *per se* deficient performance and prejudice is presumed. Objs. at 2–3.

Movant is mistaken that his counsel's abandonment falls within the first category. Notably, as Magistrate Judge Reid finds, Movant does not allege in his Motion—nor does he argue in his

11

Reply or Objections—that he instructed his attorney to file a notice of appeal. *See generally* Mot.; Reply; Objs. Instead, he only alleges that he expressed disappointment with his counsel's performance and the results of the hearing and that "he wanted to know what could be done about it." Mot. at 5, 13. This is insufficient to constitute a specific instruction to file a notice of appeal. Therefore, Movant's argument that his counsel's abandonment was *per se* deficient performance and presumed prejudicial is meritless *C.f. Hurtado v. United States*, 808 F. App'x 798, 802 (11th Cir. 2020) (holding that the district court erred in denying § 2255 motion without conducting an evidentiary hearing where movant alleged that his counsel did not follow his "explicit request to do something about [his sentence]").

Next, Magistrate Judge Reid finds that Movant's attorney did not have a duty to consult with him because no rational defendant would have appealed. R&R at 14–16. As noted above, to prevail on an ineffective assistance of counsel claim for failing to consult with a defendant about an appeal, Movant must show (1) either a rational defendant would want to appeal or that he reasonably demonstrated an interest in appealing, and (2) that he would have appealed if his counsel consulted with him about his appeal options. *Flores-Ortega*, 528 U.S. at 480.

Magistrate Judge Reid finds that no rational defendant would have filed an appeal because (1) Movant pled guilty, (2) he received the benefit of the bargain for pleading guilty because the Government dismissed two counts, one of which carried potential life sentences and his sentence was lower than what he jointly recommended with the Government, and (3) his guilty plea included an appeal waiver. R&R at 14–16. The Court agrees that, based on the record, no rational defendant would have appealed. *See Devine v. United States*, 520 F.3d 1286, 1288–89 (11th Cir. 2008) (affirming district court's finding that no rational defendant would have wanted to appeal where the defendant pled guilty, there was no suggestion that the plea was invalid, there were no

nonfrivolous grounds for an appeal, his plea included an appeal waiver and his sentence was at the bottom of the guideline range).

However, Magistrate Judge Reid does not address the second avenue by which Movant may be entitled to relief—whether Movant reasonably demonstrated that he had a subjective interest in appealing. *See generally* R&R; *see also King v. United States*, 250 F. App'x 930, 933 (11th Cir. 2007) (reversing district court's denial of § 2255 motion where district court only addressed whether a rational defendant would have appealed and did not conduct an evidentiary hearing to determine the contents of the communication between the petitioner and his attorney to determine if the petitioner reasonably demonstrated an interest in appealing). Although the objective factors may still be relevant to this inquiry, whether Movant reasonably demonstrated he had an interest in appealing requires factual findings about the content of the communications between Movant and his counsel, in addition to Movant's attempts to contact his counsel. *See King*, 250 F. App'x at 933.

Moreover, because Magistrate Judge Reid concluded that the record conclusively establishes that he is not entitled to relief, Magistrate Judge Reid did not conduct an evidentiary hearing to determine whether Movant reasonably demonstrated an interest in appealing. Recently, the Eleventh Circuit held that it is an abuse of discretion to deny a § 2255 motion without first conducting an evidentiary hearing if the movant alleges that he expressed an interest in appealing to his counsel. *See, e.g.*, *Hurtado*, 808 F. App'x at 802 (reversing district court's denial of § 2255 motion for failing to conduct an evidentiary hearing where the petitioner pleaded facts which, if true, would warrant relief); *King*, 250 F. App'x at 933.

Here, the Court finds that Movant's allegations are sufficient to allege that he reasonably demonstrated an interest in appealing, and these allegations are not *affirmatively* contradicted by

13

the record.  First, Movant's allegations that he conveyed his dissatisfaction to his counsel and wanted to know what could be done about it are not conclusory, general allegations that are insufficient as a matter of law to allege ineffective assistance of counsel.  *See King*, 250 F. App'x at 933 (reversing district court's denial of § 2255 motion without conducting an evidentiary hearing even though the petitioner only briefly alleged, for the first time, in his reply brief "that he asked his attorney to appeal and that the attorney failed to do so").

Second, the record is silent on the issue of communication between Movant and his counsel at the sentencing hearing and afterward.  *See Ramirez v. United States*, 315 F. App'x 227, 230 (11th Cir. 2009) (reversing district court's denial of § 2255 motion without conducting an evidentiary hearing, notwithstanding the movant's failure to allege facts supporting her claim that she would have pled guilty had her counsel properly advised her, because there were no facts in the record affirmatively contradicting this allegation).  Therefore, there is no basis in the record to disregard Movant's allegations.  *Id.*  Accordingly, without conducting "an evidentiary hearing to establish the content of the communications, if any, between [Movant] and his attorney regarding a possible appeal . . . the [Court] [can]not adequately determine whether [Movant's] counsel was professionally unreasonable . . . for not adequately consulting with his client regarding the potential for an appeal."  *King*, 250 F. App'x at 933.

Additionally, because Magistrate Judge Reid concluded that Movant's claim fails because no rational defendant would have wanted to appeal, Magistrate Judge Reid did not reach the question of whether Movant has alleged that he would have appealed had he received advice regarding his appellate options.  *See generally* R&R.  Rather, Magistrate Judge Reid notes that there would be no conceivable benefit to appealing.  *Id.* at 16.  However, as noted above, for the purpose of determining prejudice, the pertinent inquiry is not whether the appeal would have a

14

potential benefit, but whether the defendant would have pursued the legal proceeding to which he had a right. *Flores-Ortega*, 528 U.S. at 482–83.

Further, in his objections, Movant notes that failing to file a direct appeal forecloses his ability to raise certain claims in collateral proceedings—such as raising new constitutional rules in a collateral challenge. Objs. at 4; *Hurtado*, 808 F. App'x at 800 n.2 (noting that petitioner alleged that his counsel's failure to properly advise him about appealing meant he was not aware that failing to appeal would mean that he procedurally defaulted certain claims and would be unable to raise new constitutional rules in a collateral challenge). Therefore, despite the fact that Movant's arguments to be raised on appeal may lack merit, Movant has identified a reason to pursue appeal. *Flores-Ortega*, 528 U.S. at 486. Thus, Movant's allegations are sufficient to warrant an evidentiary hearing in order for the Court to make factual findings determining whether Movant would have timely appealed had he received proper advice. *See Ashcraft*, 340 F. App'x at 602–03 ("[T]he district court erred in affirming the state habeas court and in failing to hold an evidentiary hearing to determine the content of the communications between [the petitioner] and his counsel regarding a possible appeal and whether [the petitioner] would have timely appealed but for his counsel's deficient performance."). Accordingly, the Court declines to adopt Magistrate Judge Reid's finding as to whether Movant received ineffective assistance of counsel and refers the matter to Magistrate Judge Lauren F. Louis to conduct an evidentiary hearing on the limited issue of whether Movant received ineffective assistance of counsel for his counsel's failure to adequately advise him about an appeal.

## IV.    CONCLUSION

UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that

Magistrate Judge Reid's R&R (ECF No. 11) is ADOPTED IN PART. Claims 2, 3, and 4 are DENIED. It is FURTHER ORDERED that this matter is referred to United States Magistrate Judge Lauren F. Louis to conduct an evidentiary hearing and issue a report and recommendation on Claim 1.

DONE AND ORDERED in Chambers at Miami, Florida, this  19th  day of November, 2020.

                                                         K. MICHAEL MOORE
                                                         CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record