**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-cv-22263-KMM/LOUIS

KEITH DAVIS,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court on referral from the Honorable K. Michael Moore, United States District Judge, for an evidentiary hearing and Report and Recommendation on one claim raised by *pro se* Movant Keith Davis' ("Movant") Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 1). An evidentiary hearing was conducted on July 12, 2021. Having considered the Motion to Vacate, the Government's Response (ECF No. 9), Movant's Reply (ECF No. 10), the evidence presented at the hearing, and the record as a whole, the undersigned **RECOMMENDS** that Movant's Claim for ineffective assistance of counsel be **DENIED**.

**I.   BACKGROUND**

    **A.  Conviction and Sentencing**

Movant entered a T-Mobile store in July 2017, flashed a part of a firearm tucked into his waistband and ordered the store's employees to fill a large plastic bag with cells phones (ECF No. 9-1 at 1). He left the store with approximately 69 phones (*id.*). The following week, Movant went to a different T-Mobile store, and again ordered employees to fill a bag with phones (*id.* at 1-2). The employees complied, but also added a tracking device to the bag (*id.* at 2). Both incidents

1

were caught on camera and, shortly after the second robbery, Movant was located through the tracking device (*id.*). Upon obtaining a search warrant for Movant's vehicle, law enforcement uncovered the plastic bag full of phones from the second robbery; a loaded firearm and matching ammunition; the clothing Movant wore to commit the robberies as captured on video; and two phones that had been stolen from the first robbery (*id.*).

Movant was indicted on two counts of committing a Hobbs Act Robbery in violation 18 U.S.C. § 1915(a) ("Counts 1 and 2"), one count of brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(a)(ii) ("Count 3"), one count of possession of a firearm in furtherance of a crime of violence in violation of § 924(c)(1)(A)(i) ("Count 4"), and one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("Count 5") (CRDE No. 1).[1]

Movant pleaded guilty to Counts 1, 2, and 3 (CRDE No. 31). As part of the plea agreement, Movant executed a factual proffer and written plea agreement (ECF No. 9-4; CR-ECF No. 32). In exchange for pleading guilty, the Government agreed to dismiss Counts 4 and 5, and to jointly recommend with Movant that he be sentenced to a total of 15 years' imprisonment (ECF No. 9-4). The Court sentenced Movant to a total of one 147 months' imprisonment, 33 months less than the term of imprisonment that Movant and the Government jointly recommended (CRDE No. 49). Movant did not file a direct appeal of his conviction (ECF No. 1 at 3).

### B. Motion to Vacate

Movant filed the instant Motion to Vacate on June 3, 2019, more than a year after he was sentenced (ECF No. 1). In the Motion, Movant argues that (1) his § 924(c) conviction is unconstitutional, and (2) he received ineffective assistance of counsel (*id.*). As to his ineffective

---

[1] References to Movant's criminal case, *United States v. Davis*, No. 17-cr-20584-KMM, shall be notated as "CRDE No. __."

assistance of counsel claim, Movant argues that he received ineffective assistance of counsel because his counsel did not advise him of the true nature of § 924(c)'s elements, and did not present mitigating evidence at his sentencing (*id*. at 4–6, 13–15). Movant also claims that he received ineffective assistance of counsel because his counsel did not advise him of his right to appeal (*id*. at 4). Specifically, Movant avers that after his sentence was imposed, he told his attorney that he was "not happy" with the result of his sentencing hearing, and "wanted to know what could be done about it." (*id*.). Despite expressing dissatisfaction with his sentence, Movant claims that his counsel did not communicate with him again, and as a result, he lost his opportunity for appellate review (*id*.).

A Report and Recommendation was entered by Magistrate Judge Lisette M. Reid, which recommended that Movant's Motion to Vacate be denied on all grounds (ECF No. 11). Movant filed objections to the Report and Recommendation (ECF No. 14), and additionally filed two affidavits by his sister and mother in support of his objections, both of which state in relevant part that Movant's attorney neither met with Movant after his sentencing nor filed an appeal (ECF Nos. 15, 16).

The Report and Recommendation was adopted by the Court, in part (ECF No. 20). Specifically, Judge Moore adopted the recommendation that Movant's Motion should be denied on the grounds that his § 924(c) conviction is unconstitutional and that his attorney did not advise him of the true nature of § 924(c)'s elements or present mitigating evidence at his sentencing (*id*.). However, Judge Moore did not adopt the recommendation regarding counsel's failure to advise Movant of his right to appeal; finding that the Report and Recommendation failed to conduct the requisite analysis of whether Movant demonstrated an interest in appeal and whether Movant would have appealed had he received advice regarding his appellate options (*id*. at 13–15). Judge

Moore ultimately concluded that an evidentiary hearing was necessary to determine whether Movant received ineffective assistance of counsel for his counsel's failure to adequately advise him about an appeal, and referred the matter to the undersigned to conduct the hearing and issue a Report and Recommendation (*id.* at 15–16).

### C. Evidentiary Hearing

An evidentiary hearing was held before the undersigned on July 12, 2021 for the purpose of determining whether Movant received ineffective assistance of counsel for his counsel's failure to adequately advise him about an appeal, and in turn, whether Movant's Motion should be granted on this ground. Counsel was appointed to represent Movant at the hearing (ECF No. 23), during which both Movant and Movant's former counsel, Mr. Roderick D. Vereen, testified. No additional evidence was advanced.

At the hearing, Movant testified that he was dissatisfied with the plea agreement he had entered into and that he had had only a rushed opportunity to review the agreement before executing. According to Movant's testimony, he was advised by the judge at his change of plea hearing that he was waiving his right to appeal. The judge also asked numerous questions about Movant's plea agreement, including whether his lawyer spent sufficient time reviewing the plea agreement with him, and whether he had an opportunity to read and discuss the plea agreement. Davis admitted to responding yes to these questions at the change of plea hearing, but now claims his answers were false. Movant further testified that at his sentencing, Judge Moore stated he had a right to appeal, and that after his sentencing hearing, Movant told his attorney he was not happy with the outcome and wanted to know what could be done. Movant stated that his attorney said he would come and see him later that day, but never came. Movant additionally claimed that he tried to reach his counsel on multiple occasion following his sentencing via email and text message,

4

but never received a response.  Movant testified that had he known his appellate rights, he would have filed an appeal.

Mr. Vereen, on the other hand, testified that he went over each paragraph of the plea agreement with Movant, including the appellate waiver, prior to Movant signing the agreement. Mr. Vereen admitted that Movant expressed dissatisfaction with the result of his sentencing hearing, but Mr. Vereen did not recall Defendant stating that he wanted to know what could be done about his sentence; nor did Mr. Vereen recall receiving any messages from Movant after sentencing.  If Movant had expressed a desire to appeal, Mr. Vereen testified that he would have met with Movant to discuss his options.  Moreover, Mr. Vereen stated that had he met with Movant to discuss appellate options, he would have advised Movant that an appeal would be waste of time and money because Movant had waived his right to an appeal, and thus any Notice of Appeal filed by Movant would be dismissed.  Mr. Vereen further stated that, in his experience, Movant generally followed the legal advice given to him.

## II.   DISCUSSION

Defendant has a Sixth Amendment right to effective assistance of counsel through both trial and appellate proceedings.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The failure to file an appeal can amount to ineffective assistance of counsel in two circumstances: (1) if his counsel disregarded a specific instruction to file a notice of appeal,[2] or (2) if his counsel failed to adequately consult with him about an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477–78 (2000).

Determining whether counsel failed to adequately consult with him about an appeal is a two-step process.  First, the court must determine whether counsel deficiently performed, or had

---

[2] Judge Moore already found that Movant did not specifically instruct his counsel to file an appeal (ECF No. 20 at 12).

5

a "constitutionally imposed duty to consult" but failed to do so. *See id.* at 478-81. If counsel is found to have deficiently performed, a court must then determine whether movant was prejudiced by counsel's deficient performance. *Id.* at 481. A movant is entitled to an out-of-time appeal based on ineffective assistance of counsel only if counsel deficiently performs, and this deficient performance deprives an individual of an appeal he would have otherwise taken. *Id.* at 484.

### A. Duty to Consult

Counsel has a constitutionally imposed duty to consult when either (1) a rational defendant would want to appeal, or (2) the particular defendant reasonably demonstrated an interest in appealing. *See id*. at 480; *Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007). Judge Moore already found that no rational defendant would want to appeal (ECF No. 20 at 12), and thus the undersigned only addresses whether Movant reasonably demonstrated an interest in appealing.

Here, it is not disputed that Movant's counsel did not consult with Movant about an appeal, or that Movant expressed dissatisfaction with his sentence. At the evidentiary hearing, Movant testified that after his sentencing, he told Mr. Vereen that he was unhappy with his sentence and wanted to discuss his options. Mr. Vereen likewise testified that Movant expressed dissatisfaction, but that he did not recall Movant inquiring as to what could be done. The Eleventh Circuit has previously found testimony that a defendant who asked his attorney "what's next? What can we do now? Something along those lines" after sentencing was sufficient to find defendant "reasonably demonstrated an interest in appealing . . . ." *Palacios v. United States*, 453 F. App'x 887, 889 (11th Cir. 2011). Because there is evidence that Movant both showed dissatisfaction with his sentence and that he inquired as to what could be done after sentencing, the undersigned finds that Movant's counsel had a duty to consult with Movant regarding an appeal.

## B. Prejudice

Despite finding Movant's counsel had a duty to consult, Movant still must show prejudice to be entitled to an untimely appeal. *See Flores-Ortega*, 528 U.S. at 481. "If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." *Id*. at 484. Evidence of deficient performance "alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal." *Id*. at 846.

The undersigned finds *Medina v. United States*, 167 F. App'x 128 (11th Cir. 2006) instructive. In *Medina*, the Eleventh Circuit found that despite movant's testimony that he wished to timely appeal his sentence, movant was not prejudiced by defendant's deficient performance because he conceded that he understood the district court's instructions regarding his ability to appeal. *Id*. at 135.

Here too, Movant testified at the evidentiary hearing that he desired to appeal, but also conceded both that the court explained to him at his change of plea hearing, and that he understood that he would be waiving his right to appeal. Movant further testified that he told the court at his change of plea hearing that he understood the plea agreement, which included a waiver of appeal. Additionally, at the evidentiary hearing, Mr. Vereen testified that he had gone over each paragraph of the plea agreement with Movant, including the appellate waiter. Finally, Mr. Vereen testified that had Movant asked him about filing an appeal, Mr. Vereen would have dissuaded him from pursuing an appeal and it was his experience that Movant generally followed the legal advice given to him. This was corroborated by the testimony of Movant himself, who offered a specific example of a prior time during the representation that he expressed to Mr. Vereen

dissatisfaction with the anticipated sentence, during his review with counsel of the proposed plea agreement, but nonetheless followed his lawyer's advice to sign the agreement. This evidence tends to show that Movant would not have filed an appeal had he discussed his options with his counsel.

In *Medina*, the Eleventh Circuit further noted the substantial delay in both filing his § 2255 motion and raising his desire to appeal also supported denial. *See* 167 F. App'x at 135. Similar to movant in *Medina*, Movant here also waited over a year to file the instant Motion and raise his desire to appeal. Thus, after examining Movant's ineffectiveness claim in light of all of the evidence, the undersigned finds that he has failed to establish prejudice. *See id.*; *Strickland*, 466 U.S. at 695 (explaining that a court hearing an ineffectiveness claim must consider the totality of the evidence).

### III.  RECOMMENDATION

For the forgoing reasons, the undersigned respectfully recommends that Movant's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (ECF No. 1) be **DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade*

*Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND ORDERED** on the 29th day of March, 2022, at Miami, Florida.

LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE