UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-22263-KMM

KEITH DAVIS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Movant Keith Davis's ("Movant") Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. ("Mot." or "Motion") (ECF No. 1). The Court referred the matter to the Honorable Lisette M. Reid, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Motion be DENIED. (ECF No. 11). This Court adopted Magistrate Judge Reid's Report and Recommendation in part. (ECF No. 20). The Court referred one outstanding issue to the Honorable Lauren F. Louis, United States Magistrate Judge for an evidentiary hearing. Thereafter, Magistrate Judge Louis issued a Report and Recommendation recommending that the Motion be DENIED. ("R&R") (ECF No. 33). Movant objected ("Objs.") (ECF No. 39) and Respondent responded to the Objections ("Objs. Resp.") (ECF No. 42). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R in part.

**I.    BACKGROUND**

    **A.  Conviction and Sentencing**

On August 17, 2017, Movant was indicted on two counts of committing a Hobbs Act Robbery in violation 18 U.S.C. § 1915(a) ("Counts 1 and 2"), one count of brandishing a firearm

in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(a)(ii) ("Count 3"), one count of possession of a firearm in furtherance of a crime of violence in violation of § 924(c)(1)(A)(i) ("Count 4"), and one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("Count 5"). (CR-ECF No. 1).[1] Movant faced a maximum term of incarceration of 20 years for Counts 1 and 2, life imprisonment for Counts 3 and 4, and 10 years for Count 5.

On March 6, 2018, Movant pleaded guilty to Counts 1, 2, and 3. (CR-ECF No. 31). As part of the plea agreement, Movant executed a factual proffer and written plea agreement. (ECF No. 9-4); (CR-ECF No. 32). In exchange for pleading guilty, the Government agreed to dismiss Counts 4 and 5 and to jointly recommend with Movant that he be sentenced to a total of 15 years' imprisonment. (ECF No. 9-4). On March 6, 2018, the Court sentenced Movant to a total of one hundred and forty-seven (147) months' imprisonment, thirty-three (33) months less than the term of imprisonment that Movant and the Government jointly recommended. (CR-ECF No. 49). Movant did not file a direct appeal of his conviction. Mot. at 3.

**B. Motion to Vacate**

On June 3, 2019, Movant filed his Motion to Vacate in which he argued that (1) his § 924(c) conviction is unconstitutional, and (2) he received ineffective assistance of counsel. *See generally* Mot. Magistrate Judge Reid entered a Report and Recommendation recommending the Motion be denied on all grounds, (ECF No. 11), which this Court adopted in part. (ECF No. 20). Specifically, this Court adopted the recommendation that Movant's Motion be denied on the grounds that his §924(c) conviction is unconstitutional and that his attorney did not advise him of

---

[1] References to Movant's criminal case *United States v. Davis*, No. 17-cr-20584-KMM shall be notated as "CR-ECF No. __."

the true nature of §924(c)'s elements or present mitigating evidence at his sentencing. *See id*. at 16. This Court did not adopt the recommendation regarding counsel's failure to advise Movant of his right to appeal. *Id*. This Court found the Report and Recommendation failed to conduct the requisite analysis of whether Movant demonstrated an interest in appeal and whether Movant would have appealed had he received advice regarding his appellate options. *See id*. at 13–15. Thereafter, this Court referred the matter to Magistrate Judge Lauren F. Louis to conduct an evidentiary hearing and issue a Report and Recommendation on the one outstanding issue. *Id*.

### C. Evidentiary Hearing

On July 12, 2021, Magistrate Judge Louis held an evidentiary hearing to determine whether Movant received ineffective assistance of counsel based on his counsel's failure to advise him about an appeal, and in turn, whether Movant's Motion should be granted. *See* R&R at 4. At the hearing, Movant and Movant's former counsel, Mr. Roderick D. Vereen, testified. *Id*. No additional evidence was presented. *Id*. The testimony is described in the R&R as follows:

> At the hearing, Movant testified that he was dissatisfied with the plea agreement he had entered into and that he had had only a rushed opportunity to review the agreement before executing. According to Movant's testimony, he was advised by the judge at his change of plea hearing that he was waiving his right to appeal. The judge also asked numerous questions about Movant's plea agreement, including whether his lawyer spent sufficient time reviewing the plea agreement with him, and whether he had an opportunity to read and discuss the plea agreement. Davis admitted to responding yes to these questions at the change of plea hearing, but now claims his answers were false. Movant further testified that at his sentencing, Judge Moore stated he had a right to appeal, and that after his sentencing hearing, Movant told his attorney he was not happy with the outcome and wanted to know what could be done. Movant stated that his attorney said he would come and see him later that day, but never came. Movant additionally claimed that he tried to reach his counsel on multiple occasion[s] following his sentencing via email and text message, but never received a response. Movant testified that had he known his appellate rights he would have appealed.
>
> Mr. Vereen, on the other hand, testified that he went over each paragraph of the plea agreement with Movant, including the appellate waiver, prior to Movant signing the agreement. Mr. Vereen admitted that Movant expressed dissatisfaction

3

with the result of his sentencing hearing, but Mr. Vereen did not recall Defendant stating that he wanted to know what could be done about his sentence; nor did Mr. Vereen recall receiving any messages from Movant after sentencing. If Movant had expressed a desire to appeal, Mr. Vereen testified that he would have met with Movant to discuss options. Moreover, Mr. Vereen stated that had he met with Movant to discuss his appellate options, he would have advised Movant that an appeal would be waste of time and money because Movant had waived his right to an appeal, and thus any Notice of Appeal filed by Movant would be dismissed. Mr. Vereen further stated that, in his experience, Movant generally followed the legal advice given to him.

R&R at 4–5.

## II.   LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

## III.   DISCUSSION

As set forth in the R&R, Magistrate Judge Louis recommended the Court deny Movant's Motion. R&R at 8. Magistrate Judge Louis found that although Movant's attorney failed to fulfill his constitutionally imposed duty to consult with Movant about his appeal, *id*. at 6, Movant failed to demonstrate that he suffered prejudice based on his counsel's failure. *Id*. at 8. In making these findings, Magistrate Judge Louis considered testimony from the evidentiary hearing and concluded that the evidence "tends to show that Movant would not have filed an appeal had he discussed his options with his counsel." *Id*.

Movant objects to Magistrate Judge Louis's finding that Movant did not suffer prejudice based on Mr. Vereen's failure to consult with Movant about an appeal. *See generally* Objs. First, Movant asserts that Magistrate Judge Louis did not accurately apply the reasonable probability standard in determining whether Movant suffered prejudice. *Id.* at 2–6. Next, Movant argues that Magistrate Judge Louis erred in her conclusion, which relied on "vague speculation by the ineffective counsel." *Id*. at 6–7. Movant also asserts that the R&R, which relied heavily on *Medina v. U.S.*, 167 F. App'x 128 (11th Cir. 2006), failed to accord any weight to key distinctions between *Medina* and the instant case. *Id*. at 7–9. Lastly, Movant objects to the R&R's interpretation of Movant's counsel's statement that Movant would have gone along with his advice. *Id*. at 9–10.

Respondent asserts that even under the reasonable probability standard, Movant failed to establish that he suffered prejudice. *Id*. at 5. Respondent asserts that Magistrate Judge Louis made a credibility determination after the evidentiary hearing and, after considering the totality of the evidence, properly concluded that Movant failed to meet his burden as to prejudice. *Id*. at 5.

The Court takes each of Magistrate Judge Louis's findings, and Movant's corresponding objections, in turn.

1. **DUTY TO CONSULT**

Magistrate Judge Louis found that Movant's attorney had a duty to consult Movant regarding an appeal. R&R at 6. Neither party objects to this finding.[2]

A criminal defendant can receive ineffective assistance of counsel for a failure to file an appeal where his counsel had a "constitutionally imposed duty to consult," but failed to do so. *Roe v. Flores-Ortega*, 528 U.S. 470, 480–81 (2000). Counsel has a constitutionally imposed duty to

---

[2] Respondent, in a footnote in its response to Movant's objections, states that it "disagrees with Magistrate Judge Louis's conclusion that Movant's counsel had a duty to consult." Objs. Resp. at 4 n.1. This is not a proper objection.

consult when either (1) a rational defendant would want to appeal, or (2) the particular defendant reasonably demonstrated an interest in appealing. *Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007) (citations omitted). This Court has already found that no rational defendant would want to appeal (ECF No. 20 at 12), so Magistrate Judge Louis only addressed whether Movant reasonably demonstrated an interest in appealing. R&R at 6.

"While there is no 'bright line rule' that counsel must always consult with a defendant regarding an appeal, the Supreme Court has recognized that counsel will have a duty to consult 'in the vast majority of cases.'" *Rios v. United States*, 783 F. App'x 886, 891 (11th Cir. 2019). The Eleventh Circuit has previously found testimony that a defendant who, after sentencing, asked his attorney "what's next? What can we do now? Something along those lines," was sufficient to find that a defendant "reasonably demonstrated an interest in appealing . . . ." *Palacios v. United States*, 453 F. App'x 887, 889 (11th Cir. 2011).

Magistrate Judge Louis found that "because there is evidence that Movant both showed dissatisfaction with his sentence and that he inquired as to what could be done after sentencing," Movant reasonably demonstrated an interest in appealing, which gave rise to Mr. Vereens's duty to consult with Movant regarding an appeal. R&R at 6. The Court finds no clear error and accordingly ADOPTS Magistrate Judge Louis's finding that Mr. Vereen had a duty to consult with Movant regarding an appeal.

### 2. PREJUDICE

Magistrate Judge Louis found that Movant suffered no prejudice based on Mr. Vereen's failure to consult with Movant regarding an appeal. R&R at 6. Movant objects to this finding on several grounds. *See generally* Objs.

A movant is entitled to an untimely appeal based on ineffective assistance of counsel only if counsel deficiently performs, and this deficient performance deprives the individual of an appeal he otherwise would have taken. *Flores-Ortega*, 528 U.S. at 484. In other words, a movant is entitled to an untimely appeal if his counsel failed to fulfil an obligation to consult with the movant regarding an appeal, and the movant is prejudiced by this failure.

Movant argues that Magistrate Judge Louis failed to apply the proper standard when determining whether Movant suffered prejudice and that, under the proper standard, he demonstrated a reasonable probability that he suffered prejudice. Objs. at 6–10. The Court addresses each of the objections below.

### A. Magistrate Judge Louis Did Not Accurately Apply the Appropriate Standard for Determining Prejudice.

In the R&R, Magistrate Judge Louis stated that, "[i]f the defendant cannot demonstrate that, <u>but for</u> counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." R&R at 7 (quoting *Flores-Ortega*, 528, U.S. at 484) (emphasis added). Magistrate Judge Louis found that "th[e] evidence tends to show that Movant would not have filed an appeal had he discussed his options with his counsel," and concluded that Movant failed to demonstrate prejudice. *Id*. at 8.

Movant asserts that Eleventh Circuit precedent and *Flores-Ortega* make it clear that the Movant's burden "is not to show that he would have appealed but for counsel's failure to consult." Objs. at 2. Instead, Movant asserts that his burden is to establish that there is a "reasonable probability that, but for" his former attorney's failure to consult with him about a timely appeal, he would have timely appealed. *Id*. (quoting Flores-Ortega, 528 U.S. at 484). Movant notes that the R&R does not apply—or mention—the reasonable probability standard, and instead applies a heightened standard. *Id*.

7

Respondent concedes that the reasonable probability standard is appropriate but asserts that Movant failed to meet even the lower standard. Objs. Resp. at 1. (stating that Magistrate Judge Louis "correctly determined that Movant failed to demonstrate prejudice, i.e., a reasonable probability that he would have appealed but for his counsel's purported failure to consult").

To demonstrate prejudice based on a claim of ineffective assistance of counsel for failure to consult about an appeal, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484. Magistrate Judge Louis did not apply the reasonable probability test and therefore did not employ the proper standard of review when considering Movant's arguments. *See generally* R&R. Movant is not required to show that but for his counsel's failure to consult him about an appeal he would have timely appealed. Rather, Movant must make a similar, albeit less strict, showing that there is a reasonable probability that but for his counsel's failure to consult him about an appeal, he would have appealed. The Court now considers whether Movant met this burden.

### B. Movant Fails to Establish Prejudice Under the Reasonable Probability Standard.

To determine whether Movant made the requisite showing of prejudice, the Court considers the findings of fact and credibility determinations set forth in the R&R.

In the R&R, Magistrate Judge Louis explained how she considered and weighed several pieces of evidence from the evidentiary hearing. First, Magistrate Judge Louis considered Movant's testimony that he wanted to appeal, along with his testimony that he understood he had waived his right to appeal and that he understood his plea agreement, which included a waiver of appeal. R&R at 7. Magistrate Judge Louis also considered the testimony of Mr. Vereen. *Id*. Mr. Vereen testified that had Movant asked him about filing an appeal, Mr. Vereen "would have

dissuaded him from pursuing an appeal and it was his experience that Movant generally followed the legal advice given to him." *Id*. Magistrate Judge Louis found that Movant corroborated Mr. Vereen's testimony when Movant offered a specific example of a prior time during the representation that he expressed to Mr. Vereen dissatisfaction with the anticipated sentence, but nonetheless followed his lawyer's advice to sign the agreement. *Id*. at 7–8. Ultimately, Magistrate Judge Louis found that the evidence "tends to show that Movant would not have filed an appeal had he discussed his options with his counsel." *Id*. at 8.

Movant objects to (1) the weight the R&R affords to Mr. Vereen's testimony, (2) the R&R's conclusion that Mr. Vereen would have convinced Movant not to appeal, and (3) the R&R's "interpretation of the importance of a mere speculative possibility that the Movant would have gone along with his counsel's advice" not to appeal. *Id*. at 9. In essence, Movant asserts the R&R made a faulty credibility determination.

"Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." *U.S. v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). Accordingly, when evaluating the factual version of events between witnesses "an appellate court (or one sitting in an appellate capacity) should defer to the magistrate judge's determinations unless his understanding of the facts appears to be unbelievable." *U.S. v. McGregor*, No. 18-cr-20584, 2018 WL 5778235, at *1 (S.D. Fla. Nov. 2, 2018) (citing *Ramirez-Chilil*, 289 F.3d at 749).

Magistrate Judge Louis held the evidentiary hearing, weighed the testimony, and assessed the credibility of the witnesses. She ultimately found credible Mr. Vereen's statements that he would have dissuaded Movant from filing an appeal had he and Movant discussed appellate options. R&R at 8 (finding that the evidence "tends to show that Movant would not have filed an

appeal had he discussed his options with his counsel"). Magistrate Judge Louis at least implicitly found Mr. Vereen's testimony more credible than Movant's.

Movant also objects to Magistrate Judge Louis's reliance on *Medina*. *Id*. at 7. Movant cites to several key distinctions between *Medina* and the instant case and argues the cases are distinguishable. *See* Objs. at 7–9. While the facts of *Medina* and this case are not identical, *Medina* is nonetheless instructive.

In *Medina*, the Eleventh Circuit found that despite movant's testimony he wished to timely appeal his sentence, movant was not prejudiced when his lawyer failed to consult with him regarding an appeal. 167 F. App'x at 135. The Court found that, after considering the totality of the circumstances, that the movant was not prejudiced, notwithstanding his testimony that he would have filed a timely appeal had he consulted with his attorney. *See id*. Here, after considering the totality of the circumstances, Magistrate Judge Louis found credible Mr. Vereen's testimony and found that the evidence "tend[s] to show that Movant would not have filed an appeal had he discussed his options with his counsel." R&R at 8.

After a *de novo* review of the record, the Court finds no legal basis to disturb Magistrate Judge Louis's credibility determinations. Based on Magistrate Judge Louis's findings, this Court finds that Movant failed to demonstrate that he suffered prejudice. Movant cannot demonstrate a reasonable probability that but for Mr. Vereen's failure to consult with him about an appeal he would have filed a timely appeal because the evidence "tend[s] to show that Movant would not have filed an appeal had he discussed his options with his counsel." R&R at 8. Accordingly, the Court ADOPTS IN PART Magistrate Judge Louis's finding that Movant failed to demonstrate prejudice

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability shall issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation omitted), or that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Movant has not made a substantial showing of the denial of a constitutional right. Nor has Movant raised issues that reasonable jurists would find debatable. A certificate of appealability is not appropriate here.

Accordingly, UPON CONSIDERATION of the Petition, the R&R, the Objection, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Louis's R&R (ECF No. 31) is ADOPTED IN PART. Movant's Objection (ECF No. 39) is OVERRULED and Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 1) is DENIED.

The Clerk of Court is INSTRUCTED to CLOSE THIS CASE. All outstanding Motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of September 2022.

*[signature]*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record